Honorable Russell and Mr. Hawkland:
You are requesting an Opinion from this Office as to certain provisions of La. R.S. 18:59.4. Specifically, you asked whether the calculation of the seven percent "certification compensation" applies to the pay schedules for registrars of voters, chief deputies, and confidential assistants on a step-by-step basis, or only when a person becomes entitled to participate in the program established by La. R.S. 19:59.4.
La. R.S. 18:59.4 was enacted by the Louisiana Legislature during the 2004 Regular Session. It began as House Bill 1031 by Representative Charles Lancaster and provided for a seven percent increase in the annual salary of each registrar, chief deputy registrar, and confidential assistant to the registrar of voters who completes a Voter Registration Administrators' Certification Program.
On the specific concern of your request, the bill states:
 (b) If, on July 1, 2006, a registrar of voters, chief deputy registrar, or confidential assistant to a registrar of voters has completed the educational and experience requirements as provided in Subsection D of this Section and the documents *Page 2 
showing the successful completion of the program have been submitted to and approved by the certification committee and such approval documented to the legislative auditor, the registrar of voters, chief deputy registrar, or confidential assistant to a registrar of voters shall be granted a seven percent increase in his annual salary as set forth in R.S. 18:55 or R.S. 18:59.
 (c) A registrar of voters, chief deputy registrar, or confidential assistant to a registrar of voters shall complete the requirements of Subsections D and E of this Section in order to receive and retain the seven percent compensation enhancement.
 If a registrar of voters, chief deputy registrar, or confidential assistant to a registrar of voters does not complete the certification program as provided in Subsections D and E of this Section, his salary shall remain as provided in R.S. 18:55 or R.S. 18:59.
 If after certification a registrar of voters, chief deputy registrar, or confidential assistant to a registrar of voters does not receive certification renewal within each five-year period, his salary shall revert back to the salary scale provided for in R.S. 18:55 or R.S. 18:59.
La. R.S. 18:55 and R.S. 18:59 provide for a five-step category population range and 12-step pay scale for the salaries of registrars of voters, chief deputy registrars, and the confidential assistants of the registrars. Section 55.4(A)(4)(a), 59(B)(4)(a) and (C)(4)(a) provide in pertinent part:
 Each registrar, chief deputy, and confidential assistant, shall automatically receive an annual salary increase to the next step on July first until his annual salary equals to highest step of the appropriate population range.
This issue is one of first impression, as it has never been addressed by this office. In reviewing the legislative history of HB 1031, it appears that the intent of the legislation was to create a certification program which would provide a seven (7) percent salary adjustment for those registrars who obtained the certification and maintained it through continuing education, similar to the Assessors and Clerks of Court.
In Attorney General Opinion No. 01-337, this office looked at the Assessors' Professional Certification program provided in La. R.S.47:1907. That statute, unlike *Page 3 
the one establishing the Voter Registration Administrators' Certification Program, provides in 1907(H)(1):
 H. (1) Notwithstanding any other provisions of law to the contrary, after documents showing the successful completion of the program, resulting in certification as a certified Louisiana assessor (CLA), have been submitted to and approved by the certification committee and said approval documented to the legislative auditor, the assessor shall be recognized through the implementation of a one-time increase in compensation paying additional compensation equal to seven percent of the assessor's annual salary as set forth in Subsection A of this Section. (Emphasis Added).
The legislature enacted this statute in 1997 and expressly noted that the increase was a one-time only addition to the annual salary.
Conversely, the Clerks of Court Certification Program, established in La. R.S. 13:782[1] also during the 1997 Regular Session, states in pertinent part:
 (b) If, on July 1, 1990, a clerk has completed the educational and experience requirements as provided in Subsection I of this Section and the documents showing the successful completion of the program have been submitted to and approved by the certification committee and said approval documented to the legislative auditor, the clerk shall be granted a seven percent increase in compensation to his annual salary as set forth in Subsection A of this Section.
 (c) A clerk shall complete the requirements of Paragraph I(4) of this Section in order to receive and retain the seven percent compensation enhancement. If a clerk does not complete the certification program as provided in Subsections I and J of this Section, or if after certification a clerk does not receive certification renewal within each four year period, his salary shall revert back to the salary scale provided for in Subsection A of this Section.
It is important to note that the phrase, "a one-time increase" is notably absent from this language. *Page 4 
In discussing your matter with those present at the hearings on HB 1031, it appears the intention was to pattern this salary enhancement after that of the Clerks of Court, because each entity needs to maintain current voter education. Additionally, the language of La. R.S. 18:59.4
tracks almost identically the language of La. R.S. 13:782. Neither statute mentions "one-time" addition and both statutes provide for continued maintenance of the certification.
Additionally, the enhancement appears to have been intended to be added at each step because the certification must be maintained or the salary would revert back to the registrar's pre-certification salary scale. If the seven percent was a one-time only addition, then there would be no encouragement to maintain the certification.
At the time the legislation was introduced, there were five registrars who qualified for the enhancement. The fiscal note upon which the legislation was based clearly shows that the salary step increases are not accelerated by any of the five participants. They are projected to receive the normal step increase but the "Certification by Pay Steps" calculation is added to the salary by calculating seven percent by the salary times six months. There is also a fiscal impact calculated by adding the January annual salary increase to the July certification enhancement over five years.
There were only technical amendments throughout the entire history of the bill, therefore, it appears that the intent of the legislature was to provide for a seven percent enhancement at each step within the pay schedule rather than a one-time addition. The "one-time time increase" language was already enacted and could have easily been inserted into the Registrar legislation if that was truly the intent.
Further, this office was asked to interpret the language of La. R.S.13:782 and subsequently issued Opinion No. 97-395[2]. This opinion provided a detailed analysis of how legislative language is to be interpreted.
The Opinion noted:
 We believe the following legal principles of statutory construction to be applicable to the issue presented herein:
 "R.S. 1:3 Words and phrases; how construed Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.
 *Page 5 
The word `shall' is mandatory and the word `may' is permissive.
 § 4. Unambiguous wording not to be disregarded When the wording of a Section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit.
 Art. 9. Clear and unambiguous law When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.
 Art. 11. Meaning of words The words of a law must be given their generally prevailing meaning. Words of art and technical terms must be given their technical meaning when the law involves a technical matter."
 As can be gleaned from the above, Section 782(J)(2)(b) unequivocally provides that the seven percent increase in compensation is to the Clerks' annual salary as set forth in Subsection (A) of said section. While the salary supplements provided for in Section 761(A) constitute an increase in compensation, it is in addition and/or supplemental to the annual base salary provided in Section 782(A). Section 761 clearly distinguishes it from compensation otherwise authorized by law and provides that the supplement shall not be considered or included in the calculation of the salary set forth in Section 782.
The Clerks' concern was whether their seven percent increase in compensation is calculated on their annual base salary or could additions/supplements to their base salary be included in the calculation of the salary. While the Opinion determined that additions/supplements could not be included in the calculation of the base salary, the Opinion noted that the language is interpreted to mean that the seven percent increase is calculated upon the annual base salary, thereby enhancing the base salary by seven percent each year the certification is maintained.
Since the legislature omitted the "one-time increase" language from La. R.S. 18:59.4, and the language was intended to track that of La. R.S. 13:782, which has been interpreted to provide for a seven percent increase to the annual base salary, it is the opinion of this office that La. R.S. 18:59.4 is interpreted to mean that the calculation of *Page 6 
of the seven percent "certification compensation" applies to the pay schedule for registrars of voters, chief deputies, and confidential assistants on a step-by-step basis. Once the final step in the applicable pay schedule is obtained, the salary cannot go beyond seven (7) percent above the maximum salary step provided by R.S. 18:55 or R.S.18:59. I hope this opinion has adequately addressed your question. If you need any further information, please do not hesitate to contact this office.
 Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By:__________________________ WILLIAM P. BRYAN, III Assistant Attorney General
[1] See Appendix A
[2] See Appendix B *Page 7 
 SYLLABUS
The seven (7) percent "certification compensation" set forth in La. R.S. 18:59.4 for Registrars of Voters who successfully complete and maintain the established educational programs is interpreted to provide an enhancement on a step-by-step basis rather than a one-time salary addition. A one-time salary addition would not encourage maintenance of the required certification and the enhancement can be lost if it is not annually maintained.
Honorable John Russell Registrar of Voters Tangipahoa Parish P. O. Box 895 Amite, LA 70422
Mr. Steve Hawkland Attorney Supervisor Department of State Secretary of State P. O. Box 94125 Baton Rouge, LA 70804
 William P. Bryan, III Assistant Attorney General *Page 8 
 APPENDIX A
R.S. 13 § 782. Compensation of clerks
A. (1) Clerks of district courts of the various parishes shall establish their own rates of annual compensation for their services, payable out of the clerk's salary fund, which rates shall not exceed the following amounts based on the applicable population of the respective parishes, according to the latest United States census or the population estimates published pursuant to the United States Bureau of the Census Federal State Cooperative Program for Population Estimates as follows:
 Population Compensation
 (a) Less than 50,000 $65,000
 (b) 50,001-100,000 $70,000
 (c) 100,001-200,000 $75,000
 (d) 200,001-300,000 $80,000
 (e) 300,001-400,000 $85,000
 (f) Over 400,000 $90,000

(2) Nothing in this Section shall be construed to limit clerks from participation in an approved state deferred compensation plan as specified in R.S. 42:1301 et seq. A clerk shall not authorize or receive an employer contribution that would be more favorable than that offered to the employees of the clerk's office.
B. The governing authority of the parish of Plaquemines may pay the clerk of the Twenty-Fifth Judicial District Court and ex officio recorder for said parish any such additional compensation for his services as it may deem necessary.
C. Should any clerk of a district court receive an amount less than the maximum compensation allowed under the population category applicable to such clerk in this section, due to insufficiency of funds or other cause, and there occurs a surplus in the receipts of his office during any fiscal year within his term of office, or during any subsequent term or terms of office for which he is reelected, he shall receive out of any such surplus an amount sufficient to maintain his maximum annual compensation at the rate provided by law.
D. In no case shall the amount of compensation received by any clerk of a district court for his services be less than nine hundred dollars per month, which sum is hereby fixed as the minimum monthly salary for any such clerk. In the event a sufficient amount is not earned from all of the fees collected by his office to provide for said minimum monthly compensation, during his term of office, or any subsequent term or terms of office for which he is re-elected, the difference *Page 9 
between the amount earned and said minimum monthly compensation shall be paid such clerk, on his own warrant, by the governing authority of his parish.
E. All of the maximum rates of compensation provided by this section shall be due and payable to the various clerks of the several district courts from all of the fees collected by their offices, after the salaries of deputies and assistants and any and all other expenses have been paid, as provided in R.S. 13:783(A).
F. Any clerk of a district court who agrees to share any part of his compensation provided in this section with any other person shall forfeit his office for gross misconduct upon conviction by a court of competent jurisdiction.
G. Notwithstanding any provision of this section or any other law to the contrary, no clerk of the district court for any parish, Orleans excepted, shall have his salary reduced because a later official United States Census shows the population of such parish to have decreased so as to place such parish within a lower population category upon which the compensation of the clerk of the district court of such parish is based as provided in this section.
H. In addition to the above salary each individual clerk of the judicial district courts, including the register of conveyances and the recorder of mortgages for the parish of Orleans, shall be granted ten percent of his annual compensation as an expense allowance.
I. (1) The Louisiana Clerks' of Court Certification program is hereby established to formalize and recognize the professional standards of clerks of court in the state.
(2) OBJECTIVES. The clerks' of court certification program is designed to provide practical learning experiences which establish a curriculum that will enable the clerks of court to learn the requirements of their elected office and to establish additional professional bonds of achievement. The program will accomplish these goals by introducing clerks to new ideas that will enhance effective performance in public service; increasing the clerk's managerial competence to meet the changing environment of their parish and community; creating opportunities to enhance professional development through attendance and involvement in respective state associations; emphasizing the clerk's role as a public official and the need for continued maintenance of high standards for the clerk's office; and providing recognition for the attainment of enhanced managerial and administrative skills.
(3) ELIGIBILITY. Only those persons holding the office of clerk of a district court shall be eligible for participation in the clerks' of court certification program. *Page 10 
(4)(a) REQUIREMENTS. The requisite education and training will be provided through courses of the Louisiana Clerks of Court Institute (LCCI), a continuing education program for clerks of court, offering academic training leading to professional accreditation, which was established through the Governmental Services Institute at Louisiana State University. Education and training may also be provided through courses at other state institutions of higher education or institutions of training approved by the International Association of Clerks, Recorders, Election Officials and Treasurers (IACREOT) or Louisiana Clerks of Court Association (LCCA). All such instruction shall be offered and directed toward the attainment of the certification and maintenance of said certification.
(b)(i) A total of fifty points must be earned to meet the requirements of the professional certification program. Thirty points must be achieved under Category I — Education and twenty points must be achieved under Category II — Experience.
(ii) Category I — Education (30 points required) Satisfactory completion of the Clerks of Court Institute approved by the Louisiana Clerks of Court Association (LCCA) or the International Association of Clerks, Recorders, Election Officials and Treasurers (IACREOT). Each session of the Clerks of Court Institute shall be twenty-five contact hours which shall equal fifteen points. A bachelor's degree in a related field may be used as fifteen points toward the satisfaction of the requirements of this category.
(iii) Category II — Experience (20 points required) Experience as a full time Clerk of Court shall qualify for one point per year, with a maximum of ten points. Experience as a full time deputy clerk shall qualify for one-half point per year, with a maximum of ten points. Other full time administrative position on local government shall qualify for one-half point per year, with a maximum of ten points. Full time administrative position in business shall qualify for one-half point per year, with a maximum of five points. Relevant university or college credited courses shall qualify for one-half point per course, with a maximum of five points.
(c) The clerks of court certification program will provide training opportunities and challenges for clerks of court completing the certification program to remain current with the latest developments by providing update and renewal courses on an annual basis. The general requirements for update and certification renewal will be the completion of an additional fifty points every four years. If these requirements are not met, the clerk of court will lose certification and certification compensation until recertification requirements are met.
(d) Notwithstanding any provision of this Subsection, any clerk of court, including any clerk in the parish of Orleans, who has served fifty or more years in office as clerk shall be deemed certified under the requirements of this Subsection and shall not be required to personally attend certification renewal courses as *Page 11 
required in this Subsection; however, such a clerk shall designate an employee of his office to attend certification renewal courses on his behalf.
J. (1) The clerks of court certification program committee is hereby created to govern the certification program. The certification committee shall be composed of five members who shall serve one year terms and who may be reappointed. The members shall be appointed as follows:
(a) One member shall be the chairman of the Education Committee of the Louisiana Clerks of Court Association who shall serve as chairman of the committee.
(b) One member shall be the Program Coordination or a representative of the Governmental Services Institute at Louisiana State University.
(c) Three members shall be clerks of court who have achieved certification.
(2)(a) Documents showing the successful completion of the certification program shall be submitted to and approved by the certification committee. Upon approval of the application for certification, a person holding the office of clerk of court shall receive the designation of Certified Clerk of Court, (CCC), and notice of the approval shall be forwarded to the legislative auditor by the certification committee.
(b) If, on July 1, 1990, a clerk has completed the educational and experience requirements as provided in Subsection I of this Section and the documents showing the successful completion of the program have been submitted to and approved by the certification committee and said approval documented to the legislative auditor, the clerk shall be granted a seven percent increase in compensation to his annual salary as set forth in Subsection A of this Section.
(c) A clerk shall complete the requirements of Paragraph I(4) of this Section in order to receive and retain the seven percent compensation enhancement. If a clerk does not complete the certification program as provided in Subsections I and J of this Section, or if after certification a clerk does not receive certification renewal within each four year period, his salary shall revert back to the salary scale provided for in Subsection A of this Section.
K. The salary set forth in Subsection A of this Section for each individual clerk of court, Orleans Parish excepted, shall be for Fiscal Year 1997-1998 and each fiscal year thereafter. *Page 12 
 APPENDIX B Syllabus
10: Clerks of Court:Compensation Fees 61: Laws:General R.S. 1:3 and 4 R.S. 13:782(A), (I) and (J) R.S. 13:761
The seven percent increase in compensation for the successful completion of the Louisiana Clerks' of Court Certification Program must be applied to the base compensation set forth in Section 782(A) and not the sum total of the base compensation and the salary supplements afforded under Section 761.
Ms. Charlotte Bennett, Executive Director Louisiana Clerks of Court Association 11745 Bricksome Avenue — Suite B-1 Baton Rouge, Louisiana 70816
Dear Ms. Bennett:
You have requested an opinion of the Attorney General regarding the Louisiana Clerks' of Court Certification Program (the "Certification Program") found at R.S. 13:782(I)-(J), the Clerks' Supplemental Compensation Fund (the "Compensation Fund") found at R.S. 13:761 and the Clerks' annual base compensation provided for in R.S. 13:782(A). You state that a question has arisen regarding the interpretation of these statutory provisions as they relate to the calculation of the total annual salary for purposes of retirement contributions. You specifically ask whether the seven percent Certification Program increase should be applied against the base compensation contained in Section 782(A) or, alternatively, against the sum total of the base compensation and any salary supplements provided under Section 761.
Section 782(A), as amended by Act No. 9 of the 1997 Regular Session of the Louisiana Legislature provides for the annual compensation of Clerks as follows: *Page 13 
"§ 782. Compensation of Clerks
A. Clerks of district courts of the various parishes, Orleans Parish excepted, shall establish their own rates of annual compensation for their services, payable out of the Clerk's salary fund, which rate shall not exceed the following amounts based on the applicable population of the respective parishes, according to the latest United States census as follows:"
Paragraph Section 761 creates the Supplemental Fund, and provides, in pertinent part, the following:
"§ 761. Clerks' Supplemental Compensation Fund; creation; sources of funds
A. The Clerks' Supplemental Compensation Fund, hereinafter referred to as `the Fund', is hereby created. The proceeds from the fund shall be used solely and exclusively for salary supplements to clerks of court of the district court, which shall be in addition to any compensation otherwise authorized by law and which shall not be considered or included in the calculation of maximum compensation or minimum monthly compensation set forth in R.S. 13:782, and for necessary and associated administrative expenses."
Paragraph (I) of Section 782 establishes the Certification Program which is designed to provide opportunities to enhance professional development. Upon successful completion, each clerk is granted an increase in compensation pursuant to Section 782(J)(2)(b) which provides, in pertinent part, the following: *2 ". . . the clerk shall be granted a seven percent increase in compensation to his annual salary as set forth in subsection (A) of this section." [Emphasis added.]
We believe the following legal principles of statutory construction to be applicable to the issue presented herein:
"R.S. 1:3 Words and phrases; how construed
Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.
 The word `shall' is mandatory and the word `may' is permissive. *Page 14 
§ 4. Unambiguous wording not to be disregarded When the wording of a Section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit.
`Art. 9. Clear and unambiguous law
When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.
Art. 11. Meaning of words
The words of a law must be given their generally prevailing meaning. Words of art and technical terms must be given their technical meaning when the law involves a technical matter."
As can be gleaned from the above, Section 782(J)(2)(b) unequivocally provides that the seven percent increase in compensation is to the Clerks' annual salary as set forth in Subsection (A) of said section. While the salary supplements provided for in Section 761(A) constitute an increase in compensation, it is in addition and/or supplemental to the annual base salary provided in Section 782(A). Section 761 clearly distinguishes it from compensation otherwise authorized by law and provides that the supplement shall not be considered or included in the calculation of the salary set forth in Section 782.
Accordingly, we find the language in Section 782(J)(2)(b) to be clear and free of ambiguity, thereby limiting the seven percent increase in compensation to the base compensation provided for in Section 782(A).
Trusting this adequately responds to your inquiry, I am
Very truly yours,
Richard P. leyoub Attorney General Robert E. Harroun, III Assistant Attorney General
La. Atty. Gen. Op. No. 97-395, 1997 WL 820514 (La.A.G.)